UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JESSE S. DITTMAR,                                          Case No. 3:23-cv-00275-MC

           Petitioner,                                    OPINION AND ORDER

      v.

ISRAEL JACQUEZ,

           Respondent.

_____

MCSHANE, District Judge.

Petitioner files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and alleges that the Bureau of Prisons (BOP) refused to apply earned time credits he is entitled to under the First Step Act (FSA). Petitioner failed to exhaust the BOP administrative remedy process and his claim fails on the merits. Accordingly, the Petition is DENIED.

BACKGROUND

On July 14, 2021, Petitioner was sentenced to fifty-four months of imprisonment after pleading guilty to the Distribution of Fentanyl and Acetyl Fentanyl in violation of 21 U.S.C. §§

1    - OPINION AND ORDER

841(a)(1) and (b)(1)(C). *See* Cho Decl. Ex. C. In his Plea Agreement, Petitioner admitted that the

fentanyl he distributed caused the death of another by acute drug intoxication. *Id.* Ex. D at 5-6

(stating that "the victim took the fentanyl and acetyl fentanyl that was sent to her by DITTMAR,

which caused her death"). Petitioner also agreed that his base offense level "could arguably be"

calculated as 38 under Sentencing Guideline § 2D1.1(a)(2), "based on a death resulting from the

use of the controlled substance." *Id.* Ex. D at 6; *see also* USSG § 2D1.1(a)(2) (establishing a

base offense level of 38 "if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), (b)(1)(B),

or (b)(1)(C)…and the offense of conviction establishes that death or serious bodily injury

resulted from the use of the substance").

Based on the facts admitted by Petitioner, the district court found that a base offense level

of 38 applied to Petitioner's offense:

> [I]n this particular case, given the facts presented here, specifically those facts set
> out in the plea agreement and that Mr. Dittmar agreed to, that the court can find
> that, beyond a reasonable doubt, his particular involvement in this particular case
> led directly to the death of Marie Berg, another human being.

Cho Decl. Ex. E at 30-31. The district court nonetheless sentenced Petitioner to a term of

imprisonment well below the advisory sentencing range of 168 to 100 months. *Id.* at 31, 35.

## DISCUSSION

In this action, Petitioner alleges that BOP unlawfully refuses to apply time credits he has

earned under the FSA on grounds that Petitioner's offense of conviction resulted in the death of

another. Petitioner argues that he is eligible to receive FSA earned time credit because he was

not convicted of an offense involving an "overdose" and did not that he caused another's death.

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a

prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano,*

649 F.3d 899, 900 (9th Cir. 2010) (per curiam). Requiring the exhaustion of administrative

remedies aids "judicial review by allowing the appropriate development of a factual record in an

expert forum" and conserves "the court's time because of the possibility that the relief applied

for may be granted at the administrative level." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir.

1983). The district court may excuse the exhaustion requirement if the "administrative remedies

are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture,

irreparable injury will result, or the administrative proceedings would be void." *Laing v.

Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). Courts should not, however,

relax the exhaustion requirement where it "would encourage the deliberate bypass of the

administrative scheme." *Id.*

BOP's administrative remedy process for adults in custody (AICs) begins with an

informal grievance, or BP-8. If an AIC does not achieve satisfactory results from that informal

process, the AIC may file a formal complaint with the warden using a BP-9 form. If the BP-9 is

unsuccessful, the AIC may file a Regional Administrative Remedy Appeal (BP-10). Finally, if

the BP-10 does not afford the relief sought, the AIC may file a Central Office Administrative

Remedy Appeal (BP-11). *See* 28 C.F.R. §§ 542.13-542.15. If the BOP denies relief on the BP-

11, the AIC has exhausted the BOP administrative process and may pursue judicial relief.

Petitioner concedes that he has not taken *any* steps to exhaust BOP administrative remedy

process. *See also* Cho Decl. ¶ 7. Instead, Petitioner makes the conclusory argument that

Respondent has a history of "thwarting" the process and Petitioner could not have exhausted his

available remedies before the date on which he would be entitled to release. Petitioner presents

no evidence to support his assertions, and I am not necessarily persuaded that the length of his

remaining sentence justifies excusing the exhaustion requirement in this case. In addition to

producing a "useful record for subsequent judicial consideration," the administrative review

process "promotes efficiency" and generally resolves claims "much more quickly and economically" than "litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Regardless of exhaustion, Petitioner's claim lacks merit.

Under the FSA, eligible AICs with a low risk of recidivism earn time credits for participating in "evidence-based recidivism reduction programs" and other "productive activities." 18 U.S.C. § 3632(d)(4); 28 C.F.R. § 523.42. The FSA authorizes BOP to apply earned time credits to the release dates of AICs and accelerate their release from custody. 18 U.S.C. § 3624(g). However, an AIC is ineligible to receive FSA time credits if the AIC's sentence arose from a disqualifying conviction. 18 U.S.C. § 3632(d)(4)(D). As pertinent to this case, an AIC may not receive FSA earned time credits if convicted of manufacturing or distributing a controlled substance in violation of 21 U.S.C. § 841(b)(1) and "death or serious bodily injury resulted from the use of such substance." *Id.* § 3632(d)(4)(D)(lviii). The plain language of the statute does not require that an AIC be found criminally liable for causing the death of another before the AIC may be deemed ineligible for FSA earned time credit. Rather, the record must simply establish that "death or serious bodily injury resulted from the use of" the relevant substance.

Here, Petitioner pled guilty to distributing fentanyl and acetyl fentanyl in violation of 21 U.S.C. § 841(b)(1)(C). *See* Cho Decl. Ex. C. Further, Petitioner admitted that he "knowingly distributed a white powder containing fentanyl and acetyl fentanyl to a woman living in the Seattle area, causing her death." *Id.* Ex. D at 5. Finally, the district court found that Petitioner's criminal conduct led to the death of another person. *Id.* Ex. E at 30-31. Thus, Petitioner was convicted of distributing a controlled substance and the record establishes that another person's

4    - OPINION AND ORDER

death "resulted from the use of such substance." Accordingly, BOP correctly determined that

Petitioner is ineligible to receive FSA earned time credits.

CONCLUSION

Petitioner failed to exhaust administrative remedies and his claim fails on the merits.

Accordingly, the Petition (ECF No. 1) is DENIED.

DATED this 5th day of October, 2023.


s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

5    - OPINION AND ORDER